1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH M.,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>  Respondents. | No. 1:25-cv-01972-TLN-JDP<br><br>**ORDER** |

On December 22, 2025, Petitioner Abdullah M. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Based on the substance of the petition, and the relief requested therein, the Court construed Petitioner's pleading as a motion for a temporary restraining order. (ECF No. 5.)

On January 8, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents: (1) to file a notice of compliance and (2) to show cause why a preliminary injunction should not issue on the same terms. (ECF No. 12.) However, Respondents have not filed a notice of compliance or a response to the order to show cause, nor requested an extension of time, and the deadline to do so has passed.

As to Respondents' failure to file a notice of compliance, the Court again ORDERS Respondents to file a notice of compliance with the release provision of the Court's January 8,

2026 Order and to SHOW CAUSE, in writing, no later than 5 p.m. on January 21, 2026 why Respondents should not be sanctioned for failure to comply with the Court's previous order.

In regard to Respondents' lack of response to the Court's prior order to show cause why a preliminary injunction should not issue, the Court construes this silence as waiver of any opposition to the imposition of a preliminary injunction. *See* E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Melendez v. Diaz*, No. 1:20-CV-00302-NONE-BAM, 2020 WL 3802735, at *2 (E.D. Cal. July 7, 2020) (granting motion based on party's lack of response to pending motion, which the court construed as a non-opposition). Given this, and because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court ISSUES a preliminary injunction for the same reasons as stated in this Court's prior order (ECF No. 12), as follows:

Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show: (a) material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

Respondents are also ENJOINED AND RESTRAINED from removing Petitioner to any country other than Afghanistan, unless they provide the following process:

   a. written notice to both Petitioner and Petitioner's counsel in a language Petitioner can understand;
   b. following the notice, Petitioner must be provided a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal;
   c. if Petitioner is found to have demonstrated "reasonable fear" of removal to the

designated country, Respondents must move to reopen Petitioner's immigration proceedings;

    d. if Petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, Respondents must afford Petitioner a meaningful opportunity, and a minimum of fifteen days, to seek to reopen his immigration proceedings.

IT IS SO ORDERED.

Date: January 20, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE